# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# AT LEXINGTON

| | |
|---|---|
| **DAVID M. HOLDER,** | **CIVIL ACTION NO. 5:15-361- KKC** |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **NANCY A. BERRYHILL,** **ACTING COMMISSIONER OF SSA,** | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

The plaintiff David M. Holder brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying his claim for disability insurance benefits. The Court, having reviewed the record, will affirm the Commissioner's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009).

In denying Holder's, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Holder did not engage in substantial gainful activity between his initial onset date of December 23, 2008 and December 31, 2013, the date he was last insured. (Administrative Record ("AR") at 21.)

At step two, the ALJ determined that, during that time period, Holder suffered from the severe impairment of degenerative disc disease. (AR at 21.)

At step three, the ALJ found that, during the relevant time period, Holder did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (AR at 23.)

Before proceeding to step four, the ALJ determined that, during the relevant time period, Holder had the residual functional capacity (RFC) to perform a limited range of "light" work as defined by 20 C.F.R. §§ 404.1567(b) with the following limitations:

> He could lift and or carry 20 pounds occasionally and 10 pounds frequently, stand and or walk six hours out of an eight-hour workday, and sit six hours out of an eight-hour workday. The claimant could frequently push and or pull with his left lower extremity and occasionally (a) crouch, and (b) climb a ladder or rope.

(AR at 23.)

At step four, the ALJ determined that, given the RFC described above, Holder was not able to perform his past relevant work as an industrial truck operator. (AR at 26.)

At step five, the ALJ determined that, considering the RFC described above and Holder's age, education, and work experience, during the relevant time period, there were jobs that existed in significant numbers in the national economy and, thus, he was not disabled during that time period. (AR at 26-27.)

**ANALYSIS**

Holder raises two objections to the ALJ's determination. First, he argues that the ALJ erred in finding that he can perform a limited range of light exertional work. Second, he argues that the ALJ erred in failing to give the opinion of his treating physicians controlling weight. While Holder only specifically complains of the ALJ's failure to give sufficient weight to the opinion

2

of Dr. Greg D'Angelo, the Court will also address the weight given to the opinion of the other treating physician in in the record: Dr. Harry Lockstadt. Both Dr. D'Angelo and Dr. Lockstadt practiced at Bluegrass Orthopaedics & Hand Care.

ALJs must "evaluate every medical opinion [they] receive" about a claimant and give "controlling weight" to opinions from treating sources "[i]f [they] find that a treating source's opinion . . . is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c), (c)(2). An ALJ must provide "good reasons" for not giving a treating physician's opinion controlling weight. *Id*.

As to Dr. D' Angelo, he treated Holder before the alleged disability onset date of December 23, 2008. He rendered several opinions prescribing certain work conditions for Holder. The ALJ did not mention these opinions in his analysis but all were dated before the alleged disability onset date. (AR at 227, 236-7, 240.) "Courts have held that an ALJ's failure to mention a treating physician's opinion, which was based on the claimant's condition before the alleged onset date, is harmless error." *Mohssen v. Comm'r of Soc. Sec.*, No. 12-14501, 2013 WL 6094728, at *11 (E.D. Mich. Nov. 20, 2013) (citing *Heston v. Comm's of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001); *Davis v. Berryhill*, No. 3:14-CV-02266, 2017 WL 3642292, at *8 (M.D. Tenn. Aug. 23, 2017) (citing cases). "[T]he failure to mention even a treating source's opinion predating the alleged onset is, at most, harmless error." *Moore v. Colvin*, No. 14-12310, 2015 WL 4066735, at *4 (E.D. Mich. July 2, 2015). Further, each of Dr. D'Angelo's opinions prescribed only "temporary" work restrictions, rendering them even less relevant to Holder's claim that he became disabled after they were issued.

3

As to Dr. Lockstadt, he opined on May 19, 2011 that Holder's work restrictions should include the ability to alternate between sitting and standing and also frequent changes in posture, minimization of impact loading and vibrating, and lifting up to 20 pounds on an intermittent basis. (DE at 381.) While the RFC adopted Dr. Lockstadt's lifting restriction in the RFC, the ALJ rejected Dr. Lockstadt's opinion that Holder required a "sit-stand option with frequent changes in posture." The ALJ determined that such restrictions were not compelled by the diagnostic studies or objective medical findings in the record.

Holder points to no objective medical findings supporting such restrictions. The ALJ noted examining physician Dr. Barry Burchett's opinion that Holder appeared comfortable in supine and sitting positions. (AR at 263.) Further, the ALJ noted that Dr. Burchett observed "no motor or sensory abnormalities in the claimant's lower extremities and no spasm or significant tenderness in the back." (AR at 25, 265.) These are good reasons for discounting Dr. Lockstadt's opinion.

As to the ALJ's RFC determination, Holder argues that there is no evidence supporting the ALJ's determination that he can lift up to 20 pounds occasionally and 10 pounds frequently. As discussed, however, Dr. Lockstadt opined that Holder could lift up to 20 pounds on an intermittent basis. Likewise, state agency consultant Dr. P. Saranga opined that Holder could lift and carry 20 pounds occasionally and 10 pounds frequently. (AR at 204.) Another state agency consultant, Dr. Carlos Hernandez, opined that Holder could lift and carry 50 pounds occasionally and 25 pounds frequently. (AR at 5.). Accordingly, there is substantial evidence in the record supporting the ALJ's conclusions regarding Holder's lifting capacity.

The only contradictory evidence Holder points to is Dr. D'Angelo's opinion that Holder could lift a maximum of 10 pounds. (AR at 240.) Likewise, Holder relies solely on Dr.

4

D'Angelo's opinion to argue that the ALJ should have determined that he be restricted from any squatting or climbing at work. As discussed, Dr. D'Angelo's opinions were given before the alleged disability onset date. Further, any restrictions prescribed by Dr. D'Angelo were only intended to be "temporary" and have little relevance to Holder's abilities after the disability onset date.

For all these reasons, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 23) is **DENIED**;

2. The defendant's motion for summary judgment (DE 25) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment will be entered contemporaneously with this order.

Dated March 9, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY